**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DANA SWENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 3:23-cv-00590** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **ATCO INDUSTRIES, LLC,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Defendant ATCO Industries, LLC's ("ATCO") Motion to Extend Time to File Defendant's Reply to Plaintiff's Statement of Additional Material Facts (Doc. No. 26). Plaintiff Dana Swenson ("Swenson") filed a response in opposition (Doc. No. 30) and ATCO filed a reply (Doc. No. 31). For the reasons stated below, ATCO's Motion (Doc. No. 26) is **GRANTED**.

### I.      BACKGROUND

As cause for the requested extension, ATCO states that it filed its Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment (Doc. No. 15) on January 2, 2024. (Doc. No. 26 at PageID # 568). ATCO argues that Swenson filed her response in opposition and response to ATCO's Statement of Undisputed Material Facts on February 13, 2024 (Doc. Nos. 21 and 22) and that no statement of additional disputed material facts was contained in Swenson's response. (*Id.* at PageID # 569). Accordingly, ATCO contends it determined that no reply was required under L.R. 56.01(d). (*Id.*). ATCO argues it timely filed its reply in support of its motion for judgment on the pleadings on February 27, 2024, and subsequently realized that Swenson attached its Statement of Additional Materials Facts as Exhibit 8 to her response in opposition (Doc. No. 21-8), instead of in her response to ATCO's Statement of Undisputed Material Facts

(Doc. No. 22). ATCO contends that Swenson's submission of the Statement of Additional Material

Facts was not compliant with L.R. 56.01(c), "which requires that the 'non-movant's response may

*contain* a concise statement of any additional facts' and that '[a] copy of the statement of additional

material facts must also be provided to opposing counsel in an editable electronic format.'" (Doc.

No. 26 at 2) (internal citation omitted). ATCO argues that Swenson's response to ATCO's

Statement of Undisputed Material Facts did not contain her Statement of Additional Material Facts

and that no editable electronic copy was provided to ATCO's counsel. ATCO acknowledges that

its reply to Swenson's statement of additional material facts was due on February 27, 2024, and

requests an extension of 2 days following the Court's order to file its reply to Swenson's Statement

of Additional Material Facts.  Accordingly, ATCO submits that good cause exists for the requested

extension.

## II.      LEGAL STANDARD

Under Fed. R. Civ. P. 6(b)(1)(B), the Court may extend deadlines for good cause "on

motion made after the time has expired if the party failed to act because of excusable neglect."

Fed. R. Civ. P. 6(b)(1)(B). "[T]he governing legal standard for excusable-neglect determinations

is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the

length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay,

(4) whether the delay was within the reasonable control of the moving party, and (5) whether the

late-filing party acted in good faith." *Apartment Rental Assistance, II, Inc. v. Heatherton Drive,*

*L.P.*, No. 19-3913, 2020 U.S. App. LEXIS 25161, at *3-4 (6th Cir. 2020) (internal citation

omitted). "Excusable neglect determinations are not strictly limited to omissions caused by

circumstances beyond the control of the movant." (*Id.*) (internal citation omitted). "The inquiry 'is

at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" (*Id.*) (internal citation omitted).

### III. ANALYSIS

**A. Good Cause**

ATCO argues that Swenson failed to comply with L.R. 56.01(c) because she did not send ATCO a copy of the Statement of Additional Material Facts or include them in her response to ATCO's statement of undisputed material facts. (Doc. No. 26 at PageID # 569). In response, Swenson argues that ATCO cannot establish good cause because "the statement of additional material facts was clearly identified." (Doc. No. 30 at PageID # 843). However, Swenson does not dispute that she failed to furnish ATCO with a copy of the Statement of Additional Material Facts and failed to include it in her response to ATCO's Statement of Undisputed Material Facts (Doc. No. 21-8).

The Court finds that Swenson failed to comply with L.R. 56.01(c) because she did not send a copy of the Statement of Additional Material Facts to ATCO. Additionally, in light of ATCO's timely reply in support of its Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment (Doc. No. 23), the Court finds that had Swenson provided notice to ATCO via a copy of the Statement of Additional Material Facts, as required by the rule, ATCO likely would have timely filed a reply. Accordingly, the Court finds that good cause exists for the requested extension.

**B. Excusable Neglect**

Swenson contends that ATCO cannot establish excusable neglect because "Defendant either reviewed Plaintiff's filings and failed to timely respond, or it failed to review Plaintiff's

3

filings in preparing its reply brief. Either scenario would certainly meet the definition of neglect, but both fall well short of excusable neglect." (Doc. No. 30 at PageID # 843).

Whether excusable neglect exists, and whether a deadline should be extended, are decisions left to the discretion of the district court. *Howard*, 306 F. App'x at 266 (citing P*ioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 276 (6th Cir. 2023). The Court finds that the requested extension does not result in prejudice to Swenson, particularly because it has not yet ruled on ATCO's pending Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment (Doc. No. 15). Further, the Court finds that the requested 2 day extension will not adversely impact judicial proceedings, particularly as only 10 days passed between when ATCO's reply was due and when ATCO filed this Motion. The Court also finds that Swenson's failure to comply with L.R. 56.01(c) likely impacted ATCO's delayed reply, and that ATCO demonstrated good faith when it consulted with Swenson's counsel after it learned of the Statement of Additional Material Facts and then promptly filed the pending motion. Accordingly, the Court finds that granting the requested extension renders the most equitable result and ATCO has demonstrated excusable neglect.

## IV.    CONCLUSION

For the foregoing reasons, ATCO's Motion to Extend Time to File Defendant's Reply to Plaintiff's Statement of Additional Material Facts (Doc. No. 26) is **GRANTED**. ATCO is **ORDERED** to file its reply to Swenson's statement of additional material facts (Doc. No. 21-8) within 2 days of this Order.

Further, in light of the Court's findings, the undersigned reminds counsel for Swenson of the long-standing collegiality of this bar and that the Court prefers deciding cases on the merits,

4

while also enforcing the Local Rules. This is especially true here because Swenson's counsel did not follow the Local Rules with the filing of the Statement of Additional Material Facts, but uses those same rules to oppose what, in the Court's view, should be an issue easily resolvable by counsel.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE